IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JACK LEROY RAGLAND, JR.                                        PLAINTIFF

V.                                  NO.  3:08cv00203 JMM-JWC

JOHN SMITH, et al                                            DEFENDANTS

<u>ORDER</u>

Plaintiff is a pro se inmate currently confined to the Craighead County Detention Facility.  On December 15, 2008, he filed this 42 U.S.C. § 1983 civil rights action (doc. 1).  On December 19, 2008, Plaintiff filed an amended complaint (doc. 2).  He has not submitted the $350.00 statutory filing fee or an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**A prisoner who is permitted to file a civil action in forma pauperis still must pay the full statutory filing fee of $350.**  <u>Id</u>. § 1915(b)(1).  Method and timing of payment is the only issue to be resolved.  <u>Ashley v. Dilworth</u>, 147 F.3d 715, 716 (8th Cir. 1998) (stating that all prisoner-litigants are "required to pay filing fees in full . . . the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time").  Furthermore, federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity.  Should Plaintiff's case be subsequently dismissed on the grounds that it is: 1) frivolous or malicious; 2) fails to state a claim upon which relief may be granted; or 3) seeks monetary relief against a defendant who is immune from such relief, **there is no provision for a refund of any portion of the filing fee to the prisoner**.  28 U.S.C. § 1915(e)(2)(B).  In addition, this Court may sua sponte dismiss a prisoner's complaint at any

time if it determines that the action fails to state a claim upon which relief can be granted. Id. § 1915(e)(2)(B)(ii), § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

So that the Court can determine how the $350.00 filing fee will be paid, Plaintiff is required to submit either the full statutory filing fee or a calculation sheet, along with an application to proceed in forma pauperis, prepared and executed by an authorized official at the incarcerating facility within thirty (30) days of this order's entry date.  This calculation sheet reflects the deposits and monthly balances in the prisoner's account at the facility during the six-month period immediately preceding the filing of the complaint.  28 U.S.C. § 1915(a)(2).  Based on this information, the Court will assess an initial partial filing fee if sufficient funds exist and will also direct the future collection of monthly installment payments from Plaintiff's account until the filing fee is paid in full.  Id. 1915(b)(1) and (2).  However, no prisoner will be prohibited from bringing a civil action because he "has no assets and no means by which to pay the initial partial filing fee."  Id. 1915(b)(4).

In addition, as it now stands portions of Plaintiff's original and amended complaints are too vague to enable the Court to determine whether it is frivolous or fails to state a claim for relief under § 1915A. Accordingly, Plaintiff is ordered to amend his complaint within thirty (30) days of this order's entry date and to specifically state: 1) how Defendant Smith was personally involved in, aware of, or had knowledge of the actions of which he complains; 2) how Defendant Smith violated his constitutional rights; 3) how Defendant Beavers was personally involved in, aware of, or had knowledge of the actions of which he complains; 4) how Defendant Beavers violated his constitutional rights; and 5) whether he is in jail and still awaiting trial on pending criminal charges, or serving a sentence as a result of a judgment of conviction.  Plaintiff must set forth specific facts concerning his allegations including, where applicable, dates, times and places.

In accordance with the above, IT IS, THEREFORE, ORDERED that:

1.     The Clerk of the Court is directed to forward an in forma pauperis application and <u>calculation sheet</u> to Plaintiff.

2.     Plaintiff is directed to submit either the $350.00 statutory filing fee <u>OR</u> to complete and sign the in forma pauperis application.  At Plaintiff's request, an authorized official of the Craighead County Detention Facility is directed to complete and sign the certificate portion of his in forma pauperis application, along **with the required calculation sheet**.

3.     Plaintiff is directed to submit either the $350.00 statutory filing fee <u>OR</u> file the completed in forma pauperis application within thirty (30) days of this order's entry date.

4.     Service is NOT appropriate for Defendants at this time.  Plaintiff is directed to file, within thirty (30) days of this order's entry date, an amended complaint that contains only the information requested in this order.

**Plaintiff is advised that his failure to make a timely and complete response to this order will result in the recommended dismissal of his case without prejudice.**[1]

IT IS SO ORDERED this 29th day of December, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is hereby notified of his responsibility to comply with Local Rule 5.5(c)(2) of the Rules of the United States District Court for the Eastern District of Arkansas, which provides that: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.  A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number.  If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."